### GROSSWILLER, In Re

Ohio Appeals, 9th Dist, Summit Co

No 2424. Decided March 2, 1934

Howell, Roberts & Duncan, Cleveland, and Motz & Morris, Akron, for Walter F. Grosswiller.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for Ethel E. Hallett, Admrx., etc.

**OPINION**

By WASHBURN, PJ.

It is claimed that the commitment is invalid because it does not contain a finding of the notary that said witness was in contempt; but when consideration is given to the whole of the commitment, and especially the language last hereinbefore quoted, we hold that it sufficiently appears that the notary declared said witness to be in contempt.

The next point made in this court is that the commitment is materially defective on its face, because it "does not set forth any facts from which the court can determine whether the question involved had any relevancy or was material to the issues in the case in which the deposition was taken."

The statute provides that a notary public may commit a witness to jail for "an unlawful refusal to answer as a witness" (§11510, GC). The statute also provides that said commitment "must be under the seal of the court or official seal of the officer, if he has one, and must particularly specify the cause of the arrest or commitment. When committed for a refusal to answer a question, the question must be stated in the order" (§11515, GC).

We find no specific provision of the statute, and we know of no principle of law, which requires that the relevancy of the questions asked be made to appear on the face of the commitment. The question of relevancy cannot be tried before the notary public, for he is not empowered to pass upon that matter.

The question of competency is usually a matter for the determination of the court on the trial of the action (**DeCamp v Archibald, 50 Oh St 618**), but where the witness whose deposition is being taken refuses to answer because the question is not relevant, and is imprisoned for contempt, he may have that question determined by proceedings under §11514, GC, or he may have it passed upon by the court in a habeas corpus proceeding.

The purpose of a writ of habeas corpus is "to inquire into the cause of such imprisonment" (§12161, GC).

"If it appears that the prisoner is in custody under a * * * commitment in pursuance of law, the return shall be prima facie evidence of the cause of detention. * * *"
**Sec 12180, GC.**

It is apparent that the court determines whether the commitment is "in pursuance of law" by an examination of the "order to commit a witness to prison," which is specified in §11515, GC, and which is required to be copied in the officer's return by §12174, GC.

What that order and commitment shall contain is provided, as has been said, by §11515, GC, and if the judge determines that the commitment is regular and in pursuance of law, the imprisonment is prima facie lawful; but in habeas corpus the imprisoned party may produce evidence to show that the imprisonment is unlawful, such as that the question he was ordered to answer was incompetent and not relevant to the issues in the cause in which the deposition was taken; but as has been said, the notary cannot pass upon that question. The witness must determine that question for himself, and if he decides

wrongly, he must suffer the consequences. **In Re Rauh, 65 Oh St 128.**

While, in a habeas corpus proceeding, the witness may have that question determined, he must produce evidence which will enable the court to determine it, and we do not think he has any right to expect or require that such evidence be produced before the notary or made a part of the commitment.

While the party asking the question probably could have had attached to the deposition copies of the pleadings, which would have exhibited the nature of the action and the issues thereof, we know of no good reason for requiring that to be done nor for requiring such facts to appear in the commitment. On the hearing in habeas corpus, such facts, together with all of the examination of the witness, as shown by the deposition, which was pertinent, could have been shown to the court for the purpose of enabling the court to determine whether the question which the witness refused to answer was relevant, and the rights of the witness were fully protected and in no way invaded when he was afforded an opportunity to have the court that is empowered to pass on the issue as to his right to refuse to answer; fully informed in reference thereto.

In the habeas corpus case he did not offer any evidence at all upon that matter, and there is nothing in the record to show that said question was not relevant and proper; so far as that matter is concerned, the commitment was sufficient in law, and the witness cannot now complain that the trial court erred in refusing to find that he was justified in refusing to answer said question because it was not relevant.

It is also claimed that depositions were not in fact being taken because counsel did not intend to file the same in the action in which they were ostensibly being taken.

At the taking of the deposition there was nothing said on the subject of whether the party taking it intended to file the same, and no admissions were made which in any way indicated that the party taking the deposition was merely seeking information as to his adversary's case or was using the machinery of the law to annoy and injure such adversary or that he was not acting in good faith.

The colloquy between counsel was in reference to the propriety of having the deposition taken by a notary who was a stenographer in the office of one of the attorneys, said attorney offering to follow the custom and furnish opposing counsel a copy of the deposition without expense to him, but he insisted upon the deposition being taken by another notary, and that was done.

It is true that at the habeas corpus hearing, counsel taking the deposition stated that it was not his intention to file the deposition, but that he was at liberty to do so at any time he saw fit, and that he did intend to transcribe the deposition and furnish opposing counsel a copy.

That statement was made long after the taking of the deposition, and it is not claimed that the refusal of the witness to answer was because the deposition was not to be filed. If that had been the case, the witness would not have been justified in refusing to answer.

**14 O. Jur., "Depositions," §6, p. 11.**

The right to take depositions does not depend upon the right to use them (In Re Rauh, supra, at p. 135), and if the notary's fees are paid, it is his duty to file depositions in the court where the action or proceeding is pending (§11538, GC), and the adverse party, who was the witness in this case, could have compelled the notary to file said deposition (**Ex Parte Thayer, 114 Oh St 194**).

Our conclusion is that the fact, if it be a fact, that the party taking depositions does not intend to file them in court, does not justify the opposing party who is. being cross-examined as a witness, in refusing to answer a question which is relevant and material and relates to the case of the party taking the depositions and not exclusively to the adverse party's case. Such holding is within the spirit of **Ex Parte Bevan, 126 Oh St 126.**

On the record in the case at bar, we find that the trial court did not err in ruling that the petitioner was not unlawfully restrained of his liberty.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.